NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC S. WEISS,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>DEBORAH POSNER, *et al.*,<br><br>　　　　　　　　Defendants. | Civil Action No. 24-09659 (GC) (JTQ)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

  **THIS MATTER** comes before the Court upon *pro se* Plaintiff Eric S. Weiss's "Motion to Vacate Unconstitutional State Court Orders and Request for Injunctive Relief." (ECF No. 85.) Defendants Matthew J. Platkin, the Hon. Stuart Rabner, C.J., the Hon. Theresa Mullen, J.S.C. (ret.), the Hon. Thomas Walsh, J.S.C., the Hon. Christine M. Vanek, J.A.D., the Hon. Ronald Susswein, J.A.D., the Hon. Heidi Willis Currier, P.J.A.D. (State Defendants) and Deborah Posner opposed, and Plaintiff replied. (ECF Nos. 89, 91, 92.)[1] The Court has carefully reviewed the

---

[1]   Plaintiff also filed a Motion to Strike the State Defendants' brief in opposition to the Motion to Vacate. (ECF No. 93.) The State Defendants opposed, and Plaintiff replied. (ECF Nos. 96, 99.) However, "[n]umerous [ ] courts in this district have [ ] reached the conclusion that a motion to strike another party's motion, supporting brief, or exhibits attached to a motion is procedurally improper." *Puricelli v. Barkan*, Civ. No. 20-16068, 2022 WL 92807, at *9 (D.N.J. Jan. 10, 2022.) Thus, the court denies Plaintiff's Motion to Strike as procedurally improper. (ECF No. 93.) Although the State Defendants' opposition brief was untimely, the Court has discretion to consider late filings, and it exercises that discretion here. *See D'Orazio v. Washington Twp.*, 501 F. App'x 185, 187 (3d Cir. 2012) ("It is within the District Court's discretion to accept late filings."); *see also Balassiano v. Camping World RV Sales*, Civ. No. 24-7883, 2024 WL 4651823, at *2 (D.N.J. Nov. 1, 2024) ("[The d]efendant correctly argues that [the p]laintiff filed his opposition brief late. Nevertheless, this Court has discretion to consider late filings and will exercise that discretion in this instance.").

parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b); and

**WHEREAS** Plaintiff's 25-count First Amended Complaint (FAC) asserts causes of action under, *inter alia*, 42 U.S.C. § 1983 for violations of Plaintiff's First, Fifth, Ninth, and Fourteenth Amendment rights under the United States Constitution. (ECF No. 35); and

**WHEREAS** Plaintiff's Motion to Vacate seeks relief from various child support orders issued by the Superior Court of New Jersey, Chancery Division, Family Part, Union County. (*See* ECF No. 85 at 19[2] (seeking "vacatur" of the "October 30, 2018 and subsequent orders suspending Plaintiff's parenting time," the "June 28, 2019 and September 25, 2019 orders modifying child support," and other related relief).[3])  According to Plaintiff, such relief is necessary because Plaintiff is "now facing incarceration, loss of his business, [and loss of his] driver['s] and real estate license" as a result of these Orders. (*Id.* at 15); and

**WHEREAS** following the completion of briefing on Plaintiff's Motion to Vacate, on August 19, 2025, Plaintiff filed a letter requesting that his Motion to Vacate (ECF No. 85) be considered "with utmost urgency." (ECF No. 98.)  In Plaintiff's letter, he also requests that the Court enter a temporary restraining order (TRO). (*Id.*)  Accordingly, the Court construes Plaintiff's Motion to Vacate (ECF No. 85) and follow-up letter (ECF No. 98) collectively as an application for a TRO pursuant to Federal Rule of Civil Procedure (Rule) 65(b); and

**WHEREAS** a plaintiff seeking a TRO must establish that (1) he is reasonably likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary

---

[2]  Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3]  On June 4, 2024, the New Jersey Appellate Division upheld the challenged orders.  *See Posner v. Weiss*, 2024 WL 2827952, at *1 (N.J. Super. Ct. App. Div. June 4, 2024).

2

relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest.[4] *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3rd Cir. 2017); *see also HR Staffing Consultants, LLC v. Butts*, Civ. No. 15-3155, 2015 WL 3492609, *7 (D.N.J. June 2, 2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); and

**WHEREAS** Defendants argue, among other things, that Plaintiff's claims for injunctive relief are barred by the *Rooker-Feldman*[5] doctrine. (ECF No. 89 at 6 n.1; ECF No. 91-1 at 7 n.2); and

**WHEREAS** *Rooker-Feldman* has four prerequisites: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (alterations in original); and

**WHEREAS** the Court finds that, to the extent Plaintiff seeks to vacate state court child support orders, *Rooker-Feldman* bars Plaintiff's claims. Indeed, courts have consistently found that attempts to vacate child support orders are barred by the *Rooker-Feldman* doctrine. *See Eisenstein v. Ebsworth*, 148 F. App'x 75, 77 (3d Cir. 2005) ("[The plaintiff] plainly stated that he sought to prevent the state court from collecting child support monies pursuant to an order he believes was terminated by a different state court judge. He was asking the District Court to review [the state court judge's] order, or orders, and to find that these orders were in error. This is

---

[4] If a plaintiff meets the first two factors, the court "then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly*, 858 F.3d at 179.

[5] *See generally Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

3

equivalent to using the federal courts as a forum to appeal a state court judgment and falls squarely within the *Rooker-Feldman* doctrine."); *Johnson v. United States*, Civ. No. 11-1528, 2011 WL 6097755, at *2 (D.N.J. Dec. 6, 2011), *aff'd*, 469 F. App'x 79 (3d Cir. 2012) ("[T]his Court lacks jurisdiction over [the p]laintiff's claims insofar as he seeks review or modification of support orders entered against him in the Superior Court of New Jersey."); *Adamo v. Jones*, Civ. No. 15-1073, 2016 WL 356031, at *7 (D.N.J. Jan. 29, 2016) ("The Third Circuit has consistently held that the *Rooker-Feldman* doctrine prohibits suits brought in federal court where, as here, [the p]laintiff challenges the judgments of state family courts.") (collecting cases); *Campbell v. New Jersey*, Civ. No. 21-13549, 2021 WL 5564221, at *3 (D.N.J. Nov. 29, 2021) ("[The p]laintiff specifically asks this court to review and reject the state court judgment: to make a finding regarding how the law was interpreted by the New Jersey Family Court and to void their decision. We are not an appellate court to the New Jersey family court system; we do not have jurisdiction to provide the review that [the p]laintiff seeks."); *Krankowski v. O'Neil*, Civ. No. 08-1595, 2010 WL 1329033, at *7 (M.D. Pa. Mar. 26, 2010) ("*Rooker-Feldman* has continued to be applied in circumstances similar to those presented here, *i.e.*, a civil rights action that effectively contests a state court child support order."); and

**WHEREAS** relying on *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004), Plaintiff argues that the *Rooker-Feldman* doctrine is inapplicable here because it "does not apply where [a] litigant challenges the constitutionality of the process used in entering the state court order rather than the correctness of the judgment itself." (ECF No. 85-1 at 15.) In *Kougasian*, the Ninth Circuit observed that "[a] plaintiff alleging extrinsic fraud on a state court is not alleging a legal error by the state court; rather, he or she is alleging a wrongful act by the adverse party," thus allowing such a claim to fall outside of the scope of the *Rooker-Feldman* doctrine. *Id.* at 1141. However, the

court explained that "for *Rooker-Feldman* to apply, a plaintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state court as the basis for that relief." *Id.* at 1140.  Here, Plaintiff plainly seeks to set aside state court judgments by arguing that the state courts erred. (*See, e.g.*, ECF No. 85-1 at 15 ("The Appellate Division upheld the trial court's order by fabricating facts and misapplying controlling law."); *id.* at 16 ("The Appellate Division's affirmance of the trial court's indefinite suspension of Plaintiff's parenting time—without notice, a hearing, or any finding of unfitness or harm—is not only unconstitutional but squarely at odds with binding precedent from the same court.").)  Thus, the Ninth Circuit's *Kougasian* decision, which is not binding on this Court, does not support Plaintiff's argument.  At bottom, Plaintiff seeks to prevent enforcement of the state child support orders entered against him, but "*Rooker-Feldman* does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders." *McAllister v. Allegheny Cnty. Fam. Div.*, 128 F. App'x 901, 902 (3d Cir. 2005) (internal citation and quotation marks omitted); and

**WHEREAS** Plaintiff also argues that *Rooker-Feldman* does not apply because the orders challenged are not "final judgments." (ECF No. 85-1 at 27.)  However, to the extent Plaintiff's child support proceedings are ongoing and thus not barred under *Rooker-Feldman*, they are nevertheless barred under the *Younger*[6] abstention doctrine. Under *Younger* abstention, "federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances." *In re Messer*, Civ. No. 24-07880, 2024 WL 3639327, at *2 (D.N.J. Aug. 2, 2024) (quoting *Dye v. Fed. Home Loans Corp.*, Civ. No. 09-640, 2009 WL 3927125, at *1 (D. Del. Nov. 18, 2009)). "The court must abstain where: '(1) there are ongoing state proceedings involving the would-be federal plaintiffs that are judicial in nature, (2) the state proceedings implicate important

---

[6]    *Younger v. Harris*, 401 U.S. 37 (1971).

5

state interests, and (3) the state proceedings afford an adequate opportunity to raise the federal claims.'" *Id.* (quoting *Dye*, 2009 WL 3927125, at *1); and

      **WHEREAS** "[c]ourts in this Circuit have overwhelmingly abstained under the *Younger* doctrine when faced with challenges to ongoing child support proceedings." *Frederick of Fam. Gonora v. Risch*, Civ. No. 23-893, 2023 WL 8271932, at *4 (D.N.J. Nov. 30, 2023), *aff'd sub nom. Frederick of the Fam. Gonora v. Risch*, Civ. No. 23-3266, 2024 WL 1281336 (3d Cir. Mar. 26, 2024) (collecting cases); *Gittens v. Kelly*, 790 F. App'x 439, 441 (3d Cir. 2019) ("To the extent that the state court proceeding regarding [the plaintiff's] child support obligations were ongoing, the District Court properly invoked the *Younger* abstention doctrine."). Plaintiff's arguments regarding *Younger's* inapplicability do not convince the Court to hold otherwise; and

      **WHEREAS** because Plaintiff's claims for injunctive relief fail under *Rooker-Feldman* and *Younger*, the Court finds that Plaintiff has not shown a likelihood of success on the merits. *See, e.g., Tafaro v. Miller*, Civ. No. 11-4231, 2011 WL 6097767, at *1 (D.N.J. Dec. 6, 2011) (dismissing claims related to state court divorce, custody, and child support matter on the basis of *Rooker-Feldman* and *Younger*); *McCray v. Jones*, Civ. No. 21-3937, 2021 WL 5864066, at *2 (D.N.J. Dec. 10, 2021), *aff'd*, Civ. No. 21-3294, 2022 WL 17485957 (3d Cir. Dec. 7, 2022) ("This [c]ourt is not an appellate court in the New Jersey family court system, and if Plaintiff seeks a review of the [a]rrears [o]rder and judgments, she must pursue it in New Jersey's state courts."); *Johnson v. Child., Youth & Fams.*, Civ. No. 18-444, 2018 WL 11474904, at *2 (W.D. Pa. Apr. 6, 2018), *aff'd*, 740 F. App'x 17 (3d Cir. 2018) ("[T]o the extent that the [f]amily [c]ourt proceedings are ongoing, the [c]ourt would abstain from hearing claims arising out of those proceedings under *Younger* [ ] and if the state custody proceedings are now concluded, this [c]ourt is precluded by the *Rooker-Feldman* doctrine from reviewing any decisions by the state [j]udge in the custody case or

awarding any relief which would invalidate or overrule the [o]rders issued by the [f]amily [c]ourt."). As a result, Plaintiff's request for a TRO must be denied. *See L.W. by & through C.W. v. Canon-McMillan Sch. Dist.*, Civ. No. 21-1136, 2021 WL 3883971, at *2 n.2 (W.D. Pa. Aug. 30, 2021) ("Because [the p]laintiffs have not shown a likelihood of success on the merits, the [c]ourt need not (and does not) address the second element for a TRO of irreparable harm."); *see also Reilly*, 858 F.3d at 176 (3rd Cir. 2017); and for other good cause shown;

**IT IS** on this 22nd day of August, 2025 **ORDERED** as follows:

1. Plaintiff's Motion to Vacate (ECF No. 85) is **DENIED**.
2. Plaintiff's Motion to Strike (ECF No. 93) is **DENIED**.
3. The Clerk's Office is directed to **TERMINATE** the Motions pending at ECF Nos. 85 and 93.

*/s/ Georgette Castner*
_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**