**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIC S. WEISS,<br><br>Plaintiff,<br><br>v.<br><br>DEBORAH POSNER, *et al.*,<br><br>Defendants. | Civil Action No. 24-9659 (GC) (JTQ)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Eric S. Weiss's Motion for Reconsideration. (ECF No. 114.) Defendants opposed, (ECF Nos. 115, 117, 119, 120, 121, 122), and Plaintiff filed replies (ECF Nos. 118, 123, 124, 125, 126). The Court has carefully reviewed the parties' submissions[1] and decides the matter without oral argument pursuant to Rule 78(b) and

---

[1] Plaintiff filed multiple reply briefs without permission from the Court. (See ECF Nos. 123, 124, 125, 126.) Local Civil Rule 7.1(d)(3) makes clear that "[n]o reply papers shall be filed, unless permitted by the Court, relating to the following motions: . . . Reconsideration under L. Civ. R. 7.1(i)." *See Walsh v. Walsh*, Civ. No. 16-4242, 2017 WL 3671306, at *1 n.1 (D.N.J. Aug. 25, 2017), *aff'd*, 763 F. App'x 243 (3d Cir. 2019) ("A reply is not permitted on a motion for reconsideration without permission from the Court. L. Civ. R. 7.1(d)(3). As such, the Court will not consider [the] [p]laintiff's reply.") Because pro se plaintiffs are not exempt from following procedural rules, the Court will not consider Plaintiff's reply briefs as they relate to his Motion for Reconsideration. *See Jones v. Sec'y Pa. Dep't of Corr.*, 589 F. App'x 591, 593 (3d Cir. 2014) (noting that pro se plaintiffs are "not exempt from procedural rules or the consequences of failing to comply with them"); *Sykes v. Blockbuster Video*, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure); *see also Taylor v. Carter*, Civ. No. 20-18578, 2023 WL 2784389, at *1 n.1 (D.N.J. Apr. 4, 2023) (declining to consider pro se plaintiff's reply brief as part of a motion for reconsideration because the plaintiff failed to seek permission from the court).

Further, it is axiomatic that "a 'moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief.'" *Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015) (quoting *D'Allessandro v. Bugler Tobacco Co.*,

Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Plaintiff's Motion is **DENIED**.

## I. BACKGROUND

The Court assumes the parties' familiarity with the underlying facts and procedural history as set forth in the Court's prior opinion in this case. (*See* ECF No. 112.) This matter arises from Plaintiff's dissatisfaction with the outcome of various state court judgments issued by the family court involving Plaintiff's ex-wife, Defendant Deborah Posner, and their two (now adult) children. (*See id.* at 1-11.)[2] As part of what Plaintiff coined "a conspiracy scheme to defraud PLT [Plaintiff] of his civil rights, money, assets and cause personal injury," Plaintiff filed suit against a combination of both private actors and government officials and entities. (*See, e.g.*, ECF No. 35.)

On March 10, 2026, the Court dismissed Plaintiff's claims as pled in his Amended Complaint, and permitted Plaintiff to seek leave to file a second amended complaint pursuant to Local Civil Rule 15.1(b) to the extent Plaintiff could cure the deficiencies set forth in the Court's opinion. (*See generally* ECF Nos. 112 and 113.)[3] Plaintiff did not seek leave to amend and instead

Civ. No. 05-5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007)). This is so because "[b]asic fairness requires that an opposing party have a fair notice of his adversary's claims, as well as an opportunity to address those claims." *Id.* (quoting *Soto v. United States*, Civ. No. 04-2108, 2005 WL 3078177, at *6 (D.N.J. Nov. 16, 2005)).

[2] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3] The Court dismissed Plaintiff's constitutional and conspiracy claims under 42 U.S.C. §§ 1983 and 1985 with prejudice against the Judicial and Bedminster Defendants, and without prejudice as to the Family, Attorney, Bernardsville, and Pediatrician Defendants. (See ECF No. 113 ¶¶ 2-5.) The Court further dismissed Plaintiff's section 1983 Fifth Amendment Due Process claim and Racketeer Influenced and Corrupt Organizations Act (RICO) claim with prejudice as against all Defendants. (*Id.* at ¶ 6-7.) Plaintiff's claims under Title II and Title III of the Americans with Disabilities Act (ADA) were dismissed with prejudice against Defendants Mullen and Walsh in their individual capacities. (*Id.* ¶ 8.) As to Defendants Mullen and Walsh in their official capacities, the Court dismissed Plaintiff's Title II ADA claim without prejudice, and dismissed

filed the instant Motion for Reconsideration on March 24, 2026.[4] (ECF No. 114.)

## II. LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, this district's local civil rules permit such motions if the movant (1) files its motion "within 14 days after the entry" of the challenged order and (2) sets "forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (alteration in original) (citations and quotation marks omitted). Such motions may be granted only if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citations and emphasis omitted). "Only where matters were overlooked and which, if considered by the Court, might reasonably have resulted in a different conclusion, will the Court entertain such a motion. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

---

Plaintiff's Title III ADA claim with prejudice. (*Id.* ¶¶ 9-10.) Finally, the Court dismissed without prejudice Plaintiff's remaining state law claims as against all Defendants. (*Id.* ¶ 11.)

[4] Plaintiff attached a certification in support of his Motion for Reconsideration. (*See* ECF No. 114-2.) Plaintiff's certification contains a recitation of facts that he certifies the Court "overlooked," as well as additional legal arguments, such as this Court's "misapplication of *Rooker-Feldman*." (*See generally id.*) The Court finds that Plaintiff's certification runs afoul of the parameters set forth in Local Civil Rule 7.2(a) and will thus decline to consider it. *See Catlett v. Atl. Capes Fisheries, Inc.*, 751 F. Supp. 3d 479, 489 (D.N.J. 2024), *reconsideration denied*, Civ. No. 23-1941, 2024 WL 4910455 (D.N.J. Oct. 17, 2024) (citation omitted) ("Courts are permitted to disregard certifications, in their entirety or in part, that violate Local Civil Rule 7.2(a).").

Motions for reconsideration are "not a vehicle for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 168 (D.N.J. 2013). Nor are they opportunities to seek a "second bite at the apple." *Sussman v. Capital One, N.A.*, Civ. No. 13-6483, 2015 WL 164095, at *4 (D.N.J. Jan. 13, 2015) (citation omitted). And it is improper to "'ask the court to rethink what it ha[s] already thought through—rightly or wrongly.'" *Lynch v. Tropicana Prods., Inc.*, Civ. No. 11-07382, 2013 WL 4804528, at *1 (D.N.J. Sep. 9, 2013) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

"Because the requirements are so stringent, motions for reconsideration typically are not granted . . . ." *CPS MedManagement*, 940 F. Supp. 2d at 168. Therefore, "[u]nless a court has truly failed to consider pertinent authorities or evidence that could not with reasonable diligence have been presented earlier, a motion to reconsider a decision (even one that may contain an error) is generally futile." *Id.*

## III. DISCUSSION

All of Plaintiff's arguments in support of his Motion for Reconsideration fall under the third prong for reconsideration—the need to correct a clear error of law or fact or to prevent manifest injustice. *See Blystone*, 664 F.3d at 415. As outlined below, the Court finds that Plaintiff has not presented any support to warrant reconsideration of this Court's prior opinion.

### A. *Rooker-Feldman*

First, Plaintiff alleges that the Court "misapplied" *Rooker-Feldman*[5] because Plaintiff "alleges independent constitutional injuries." (ECF No. 114-1 at 7.) Specifically, Plaintiff avers

[5] *See generally Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

that "Rooker-Feldman applies only where the injury is caused by the state-court judgment," and argues that the Court erred in characterizing Plaintiff's claims as challenges to state court rulings in light of his allegations that he was denied procedural safeguards and meaningful access to the courts. (*See id.* at 114-1 at 7-8.) Plaintiff further asserts that the Court's reliance on the relief sought in his prior Motion to Vacate was misplaced because the Amended Complaint pled new claims under section 1983 and the ADA that arose from "defects in the process itself." (*Id.* at 8.)

Here, the Court finds that Plaintiff's arguments lack merit and fail to provide a basis warranting reconsideration. First, the entirety of the Court's prior decision addressed Plaintiff's "independent constitutional injuries," which were dismissed pursuant to a myriad of legal doctrines and federal rules as applied to the various Defendants named in Plaintiff's Amended Complaint. (*See generally* ECF No. 112.) Nevertheless, the Court held that it lacked jurisdiction under *Rooker-Feldman* to order the *equitable relief* sought by Plaintiff because such relief was intertwined with prior state court orders. (*See* ECF No. 112 at 20); *see also Valenti v. Mitchell*, 962 F.2d 288, 297 (3d Cir. 1992) ("In applying the *Rooker-Feldman* doctrine, we also look at the nature of relief sought in federal court."). Specifically, Plaintiff asked this Court to vacate "all orders that flowed from the termination of PLT [Plaintiff's] parental rights from 2018," which, as the Court noted, was duplicative of relief previously sought by Plaintiff seeking to vacate numerous New Jersey state and appellate court orders. (ECF No. 112 at 20 (citing ECF Nos. 35, 98).) Such relief falls precisely within the narrow scope of the *Rooker-Feldman* doctrine, which provides that a federal court lacks subject matter jurisdiction "if the relief requested effectively would reverse a state court decision or void its ruling." *Parness v. Christie*, Civ. No. 15-3505, 2017 WL 6513346, at *6 (D.N.J. Dec. 19, 2017) *aff'd*, 751 F. App'x 277 (3d Cir. 2018) (citations omitted). Because Plaintiff

did not identify a "clear error of law or fact," reconsideration is not warranted. *See Blystone*, 664 F.3d at 415.

**B. Plaintiff's Remaining Arguments**

Plaintiff's remaining arguments reflect nothing more than mere disagreements with the Court's decision and constitute attempts by Plaintiff to relitigate the merits of the Motions to Dismiss that were previously before the Court. *See CPS MedManagement LLC*, 940 F. Supp. 2d at 168 (noting that motions for reconsideration are "not a vehicle for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment"). The Court briefly addresses each in turn.

***1. Ex Parte Young***

Plaintiff argues that the Court misapplied the *Ex Parte Young*[6] exception to Eleventh Amendment sovereign immunity because "[s]overeign immunity does not bar suits against state officials for prospective relief to end ongoing violations of federal law." (ECF No. 114-1 at 8.) Plaintiff argues that his Amended Complaint "does not seek review, reversal, or vacatur of any state-court judgment," but, "[t]o the extent the pleading could be read that way, the proper remedy is clarification—not dismissal." (*Id.* at 8-9.)

To the extent Plaintiff seeks an opportunity to further clarify his pleadings, the Court's Order accompanying its prior opinion permitted Plaintiff an additional opportunity to amend his Complaint, (*see* ECF No. 113 ¶ 12), which the Court will extend to Plaintiff again here. If Plaintiff's argument is instead premised upon his dissatisfaction with the manner in which it disposed of Plaintiff's claims, such disagreement does not provide a valid basis for reconsideration. *See S.C. v. Deptford Twp. Bd. of Educ.*, 248 F. Supp. 2d 368, 381 (D.N.J. 2003) ("Mere

6 *Ex Parte Young*, 209 U.S. 123 (1908).

disagreement with a decision of the district court should normally be raised through the appellate process and is inappropriate on a motion for reargument.").

### *2. Absolute Judicial Immunity*

Plaintiff's argument that the Court "erred by treating non-adjudicative conduct as judicial acts" by finding that the Judicial Defendants were subject to absolute judicial immunity is similarly an attempt to reargue the motions previously before it. *See Averhart v. Commc'ns Workers of America*, 688 Fed. App'x 158, 164 (3d Cir. 2017) (affirming the denial of a motion for reconsideration where the movant "rehashed" earlier arguments). Plaintiff's arguments also independently lack merit. As the Court previously explained, the types of actions Plaintiff alleges that the Judicial Defendants engaged in, *i.e.*, failing to follow New Jersey's Court Rules, issuing judicial orders without "required findings," issuing orders in the absence of a hearing, issuing a directed verdict, omitting "material facts" from judicial opinions, and issuing orders following the appointment of an expert, are unquestionably judicial acts subject to absolute judicial immunity. (*See* ECF No. 112 at 30-33); *see also Talotta v. Troxell*, Civ. No. 25-3783, 2025 WL 1592888, at *3 (D.N.J. June 5, 2025) (finding the following actions, alleged to have been committed by numerous New Jersey Superior Court judges, to be "judicial acts" subject to immunity: imposing an ex parte no-contact order without factual findings; accepting untested psychological claims related to the plaintiff's case; and denying the plaintiff a forum to contest the deprivation of his parental rights, while also finding that alleged procedural due process violations related to the no-contact order constituted "judicial acts."). The Court finds Plaintiff's arguments to be an improper attempt to seek a "second bite at the apple," and thus will decline to reconsider its findings as to the Judicial Defendants. *See Sussman*, 2015 WL 164095, at *4 (citation omitted).

### *3. Plaintiff's Fifth Amendment Claim*

Plaintiff also argues that his Fifth Amendment claim should have been construed by this Court as a claim brought pursuant to the Fourteenth Amendment. (ECF No. 114-1 at 13.) While this Court acknowledges that a pro se pleading must be "judged by its substance rather than according to its form or label," *see Lewis v. Att'y Gen.*, 878 F.2d 714, 722 n.20 (3d Cir. 1989) (citation omitted), this Court did not err, as Plaintiff suggests, by failing to assume that Plaintiff's Fifth Amendment claim was *actually* intended to be a Fourteenth Amendment claim. *See Anglin v. Anglin*, Civ. No. 16-04049, 2024 WL 3355303, at *9 (D.N.J. July 9, 2024) ("It is not the Court's role to make arguments on a litigant's behalf, even where the litigant is pro se."). Plaintiff's Fifth Amendment claim was dismissed as a matter of law because a Fifth Amendment due process claim applies to the federal government and Plaintiff named only state actors and private individuals in his Amended Complaint. (*See* ECF No. 112 at 36-37); *see also Citizens for Health v. Leavitt*, 428 F.3d 167, 178 n.11 (3d Cir. 2005). In any event, "a motion for reconsideration cannot be used to present a new claim." *McKinney v. Prosecutor's Off.*, Civ. No. 13-2553, 2015 WL 1954460, at *4 (D.N.J. Apr. 29, 2015) (citations omitted). Moreover, the Court indeed considered Plaintiff's due process arguments under the Fourteenth Amendment as well. (ECF No. 112 at 14-36.)

### *4. Factual Allegations*

Plaintiff also argues that the Court "overlooked" material facts in dismissing his Amended Complaint. (ECF No. 114-1 at 9.) However, the substance of his argument is directed toward his disagreement with the Court's finding that his allegations were conclusory, which Plaintiff argues was "incorrect" where he alleged "concrete factual allegations." (ECF No. 114-1 at 9.) As noted above, "mere disagreement" with the Court's findings is "inappropriate" for reconsideration. *See S.C.*, 248 F. Supp. 2d at 381. This is also true with respect to Plaintiff's argument that the Court "overlooked" allegations regarding Defendant Attorney General Platkin and Chief Justice Rabner,

where the Court found such allegations insufficient to impose supervisory liability. (*See* ECF Nos. 112 at 27-30; 114-1 at 14.) Again, Plaintiff's disagreement with the Court's conclusion does not provide a cognizable basis warranting reconsideration. *See Skretvedt v. E.I. Dupont de Nemours & Co.*, Civ. No. 98-61, 2000 WL 33341051, at *8 (D. Del. Oct. 31, 2000) (finding reconsideration inappropriate "[t]o the extent that plaintiff's argument . . . is that the court must not have properly or adequately considered the facts presented, because it reached a conclusion different than plaintiff expected.").

Next, Plaintiff's contentions that dismissal of his section 1983 and ADA claims was improper is based on arguments and facts previously presented to—and rejected by—this Court. (*See* ECF No. 114-1 at 9-11.) Plaintiff's arguments fail to provide any basis for reconsideration, as the Court is not required to "rethink what it ha[s] already thought through—rightly or wrongly." *Lynch*, 2013 WL 4804528, at *1 (D.N.J. Sep. 9, 2013) (citation omitted); *see also Scott v. PNC Bank, N.A.*, Civ. No. 18-619, 2018 WL 11447726, at *2 (W.D. Pa. Oct. 15, 2018), *rev'd on other grounds*, 785 F. App'x 916 (3d. Cir. 2019) ("Plaintiff's apparent disagreement with the Court's ruling dismissing these claims is not a proper basis for reconsideration."). This applies with equal force to Plaintiff's argument that this Court applied "too rigid a state-action analysis" in dismissing his conspiracy claims under sections 1983 and 1985, which merely asks this Court to reconsider the *same* facts and *same* authorities in the hopes that it reaches a different result. (*See* ECF Nos. 112 at 20-26; 114-1 at 16-17.) As such, reconsideration is not warranted. *See Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000) (noting that a motion for reconsideration must be denied "where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision.").

Plaintiff also challenges the Court's dismissal of his claims against the Bedminster Defendants as time barred but fails to identify any facts overlooked by this Court that "might reasonably have resulted in a different conclusion." (*See* ECF No. 114-1 at 15-16); *see also* *Bowers*, 130 F. Supp. 2d at 613. The Court previously found that the statute of limitations period began to run on October 30, 2018—the date the Court entered an order temporarily suspending Plaintiff's contact and visitation with his children—at which point the Court determined that Plaintiff "knew or should have known" that his rights were allegedly violated. (ECF No. 112 at 35 (citing *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998)). While Plaintiff disagrees that his claims against the Bedminster Defendants began to accrue on this date, he fails to identify any additional facts demonstrating that his claims would not otherwise be time barred. See *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) ("A court commits clear error of law only if the record cannot support the findings that led to the ruling.") (internal quotations omitted). Thus, there is nothing for this Court to reconsider. *Bowers*, 130 F. Supp. 2d at 613.

Finally, as to Plaintiff's suggestion that the Court "should clarify that the Bernardsville Dismissal was without prejudice and permit amendment," the Court notes that its prior opinion states that "Counts One and Three of Plaintiff's Amended Complaint are dismissed without prejudice as to the Bernardsville Defendants." (ECF No. 112 at 36.)

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Plaintiff's Motion for Reconsideration (ECF No. 114) is **DENIED**. An appropriate Order follows.

Dated: July 29, 2026

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE