**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIC S. WEISS,<br><br>Plaintiff,<br><br>v.<br><br>DEBORAH POSNER, *et al.*,<br><br>Defendants. | Civil Action No. 24-09659 (GC) (JTQ)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Eric S. Weiss's "Emergent Application for an Order to Show Cause" why injunctive relief should not issue pursuant to Federal Rule of Civil Procedure (Rule) 65(a). (ECF No. 153); and

**WHEREAS** Plaintiff brings claims alleging violations of 42 U.S.C. § 1983 and the Americans with Disability Act (ADA), 42 U.S.C. § 12131 *et seq.*, as well as various state causes of action against entities and individuals that were involved in numerous state family court proceedings, including Defendant "State of New Jersey, by and through the New Jersey Judiciary" (Defendant Judiciary). (*See* ECF No. 131); and

**WHEREAS** in his "Emergent Application," Plaintiff raises concerns with proceedings scheduled in state court and seeks injunctive relief related to an upcoming state court proceeding. (ECF No. 153 at 2-4; *see generally* ECF No. 153-2; ECF No. 154.) In particular, Plaintiff asks the Court to require "the judicial officer actually presiding" in a case pending before the Superior Court of New Jersey, Somerset County, No. SOM-L-000013-25, to "respond judicially and in writing to Plaintiff's November 10 ADA application, and to ensure that previously approved

accommodations are implemented before dispositive argument" and otherwise provide Plaintiff with disability accommodations in state court. (ECF No. 153 at 3-4); and

**WHEREAS** Plaintiff's Application indicates that "[t]he requested judicial accommodation ruling is directed to the Defendant Judiciary's responsible personnel and concerns accommodations required for preparation and participation," and relief is not sought from any other Defendants. (ECF No. 153-2 at 19); and

**WHEREAS** "[a]n injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Barnes v. Edwards*, Civ. No. 13-4239, 2014 WL 3953189, at *3 (D.N.J. Aug. 13, 2014) (alteration in original) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010)). "[T]he party seeking a preliminary injunction bears the burden of establishing its entitlement to such extraordinary relief." *Sebela Int'l Ltd. v. Actavis Lab'ys FL, Inc.*, Civ. No. 17-4789, 2017 WL 4782807, at *2 (D.N.J. Oct. 20, 2017). A plaintiff seeking a preliminary injunction must establish that (1) the plaintiff is reasonably likely to succeed on the merits, (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in the plaintiff's favor, and (4) an injunction is in the public interest. *See HR Staffing Consultants, LLC v. Butts*, Civ. No. 15-3155, 2015 WL 3492609, at *7 (D.N.J. June 2, 2015) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The first and second elements are considered "threshold" factors; absent either, the Court cannot issue injunctive relief. *Mallet & Co. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021). The movant must establish these elements by making "*a clear showing*." *Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 202 (3d Cir. 2024) (emphasis in original) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)); and

**WHEREAS** except in limited circumstances, "federal courts normally may not issue injunctions against state-court judges or clerks. An injunction against a state court or its machinery would be a violation of the whole scheme of our Government." *Carroll v. Walk*, Civ. No. 23-2187, 2023 WL 4274987, at *5 (E.D. Pa. June 29, 2023) (citation modified); *see also Steinberg v. Supreme Ct. of Pennsylvania*, Civ. No. 09-86, 2009 WL 1684663, at *23 (W.D. Pa. June 10, 2009), *aff'd sub nom. Steinberg v. Supreme Ct. of Pa.*, 419 F. App'x 198 (3d Cir. 2011) (denying the plaintiff's request for a writ of mandamus compelling a state court to act because "federal courts have no general power to compel action by state officers, including action by state judicial officials." (citation modified)); and

**WHEREAS** additionally, "[p]ursuant to the Anti–Injunction Act, federal courts may not issue injunctions to stay state court proceedings" except in three limited circumstances: "1) when an injunction is expressly authorized by Congress; 2) when an injunction is necessary in aid of the court's jurisdiction; or 3) when an injunction is necessary to protect or effectuate the court's judgments." *Golden Gate Nat'l Senior Care, LLC v. Beavens*, 123 F. Supp. 3d 619, 629 (E.D. Pa. 2015) (citing 28 U.S.C. § 2283); and

**WHEREAS** actions arising under § 1983 do qualify under the Anti-Injunction Act's "expressly authorized" exception, allowing federal courts to enjoin state court proceedings. *Peterkin v. McIntyre*, Civ. No. 25-2137, 2025 WL 974945, at *3 n.3 (D.N.J. Mar. 31, 2025); *see also Mitchum v. Foster*, 407 U.S. 225, 243 (1972) (holding that § 1983 falls within the "expressly authorized" exception but noting that "[i]n so concluding, we do not question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding"). (ECF No. 153-2 at 20-21); and

**WHEREAS** while Plaintiff does assert § 1983 claims against other Defendants, (*see* ECF No. 131), Plaintiff does not assert a § 1983 claim against the Defendant Judiciary. Plaintiff's sole claim against the Defendant Judiciary arises under the ADA. (ECF No. 131 ¶¶ 14, 123-130 (Count IV)); and

**WHEREAS** actions arising under the ADA are not an "expressly authorized" exception to the Anti-Injunction Act. *See, e.g.*, *Dowden v. Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Assets Tr. 2007-1 Mortg.-Backed Pass-Through Certificates, Series 2007-1*, Civ. No. 26-01038, 2026 WL 3386023, at *11 n.10 (D. Conn. Nov. 9, 2026) ("Neither the ADA nor the Rehabilitation Act qualify as exceptions to the [Anti-Injunction Act]."); *Moore v. Yerkey*, Civ. No. 25-09463, 2025 WL 3248978, at *5 (C.D. Cal. Oct. 7, 2025) ("Apart from the § 1983 claims, Plaintiff also alleged violations of the ADA, FHA, and California state law. None of these statutes qualify under the narrow exceptions to the Anti-Injunction Act, so the [c]ourt cannot find a likelihood of success on these claims."); and

**WHEREAS** the Third Circuit has held that where a statute is an established exception to the Anti-Injunction Act, but that statute is inapplicable to the case at hand, the court cannot apply that statute as an "expressly authorized" exception to the Anti-Injunction Act. *Jennings v. Boenning & Co.*, 482 F.2d 1128, 1130-31 (3d Cir. 1973); and

**WHEREAS** because Plaintiff does not assert a § 1983 claim against the Defendant Judiciary, an ADA claim is not an "expressly authorized" exception to the Anti-Injunction Act, and Plaintiff's requested relief is solely directed at Defendant Judiciary, (ECF No. 153-2 at 19), the Court cannot enjoin the state court pursuant to the Anti-Injunction Act. *Peterkin*, 2025 WL 974945, at *3 n.3 (denying the plaintiffs' motion for a preliminary injunction and temporary restraining order where plaintiffs failed to state a claim under § 1983 to make a finding of

likelihood of success and "[n]one of the other causes of action brought by [the p]laintiffs fall under the Anti-Injunction Act's 'expressly authorized exception' to demonstrate a likelihood of success on [the plaintiffs'] motion."); and

**WHEREAS** as such, the Court cannot provide the relief requested by Plaintiff. For the foregoing reasons, and other good cause shown, Plaintiff's Emergent Application for an Order to Show Cause, (ECF No. 3), is **DENIED**.

Dated: November 19, 2026

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE